First case this afternoon is number 053014, Spain v. Merit Systems Protection Board. Mr. Clancy. Thank you, Your Honor. May it please the Court. My name is Martin Clancy. I represent Petitioner Sonia Spain, who asks this Court to reverse the Merit Systems Protection Board decision that it lacked jurisdiction to hear her appeal under the Uniformed Services Employment and Reemployment Rights Act, or USERRA. There are two reasons why we believe the decision should be reversed. First, we believe the Board misread the Court's decision in Conyers v. Merit Systems Protection Board. And secondly, we believe that this Court's rationale for its decision in Bosco v. United States requires reversal. The Bosco case was not cited in either of my briefs, or has not been cited to the Court in this case, Your Honor, because frankly I did not become aware of it until after I had filed my reply brief. There's a procedure for notifying the Court under those circumstances called 28J letter. Did you file one of those? No, Your Honor, I did not. You're supposed to. I'm sorry, I was not aware of that. I did inform Mr. Garber of it in a telephone call, and did not believe that I was required to inform the Court. Is Bosco on all fours? Does it relate to the same statute? Does it provide for an exception for USERRA from the Homeland Security Act? What Bosco requires, Your Honor, or what Bosco states is that general language in a subsequent statute does not overrule jurisdiction, a specific grant of jurisdiction in a prior statute. And I believe that's exactly the issue that's before the Court in this case. The general language that says no other statute applies, you say doesn't count? I'm sorry, Your Honor? What general language are you saying doesn't count? The general language that says no other statute applies to these employees should be ignored because it's broad? No, what I'm saying, Your Honor, is that notwithstanding any other provision, language applies to screeners, but there is another statute that provides jurisdiction to the Board, and that statute is Uniformed Services Employment. But I think, as a follow-up to Judge Newman's question, the statute that was at issue in this Bosco case that you're referring to, was the language of the general statute the same as the language in this statute before us, which says notwithstanding any other provision of law? The language in what general statute, Your Honor? In the Bosco case, which you're saying is comparable to our case. Yes, Your Honor. Same language. Similar language, Your Honor. What was the language in Bosco? The language in Bosco involved the Civil Service Reform Act, and that particular language was that any appeals would not apply to non-preference eligible accepted service employees. But Bosco was an employee of the Internal Revenue Service, and he filed his appeal based on the Tucker Act, which granted claims court-specific claims court jurisdiction for prevailing rate claims. And the court held that that specific jurisdiction was still in place and was not overwritten by language in the subsequent statute, especially where there was not legislative history for any specific language that said the court intended to override that specific grant of jurisdiction. This was a panel decision, Bosco? Yes, Your Honor. The site is 976 F. Second, 710. And again, my sincere apologies for the court if you're not… So this was a while ago? 1992, Your Honor. It doesn't sound to me as if it's more directly in point than the cases that have been cited to us. And in what way does it conflict with Conyers? In what way does the Bosco case conflict with Conyers? Yes. Well, let me start from explaining why I believe the Board misread the Conyers case, the Conyers opinion. In Conyers, the issue was whether or not the Board had any jurisdiction over Mr. Conyers' claim. Conyers was a rejected applicant for employment with TSA, and when his application was rejected, he filed an appeal with the Board alleging a number of bases for jurisdiction. According to the decision, he never established any of those bases for jurisdiction. What's the difference between Conyers in this case? It's the same statute we're dealing with. How do you get around the holding of Conyers? By this way, Your Honor. In Conyers, there was never an establishment of USERA jurisdiction. Therefore, the language in Conyers relating to USERA jurisdiction is dicta. There was a USERA claim in Conyers, was there not? There was an assertion of jurisdiction under USERA, Your Honor, but there was never an establishment of facts that showed jurisdiction under USERA. So, the Conyers decision was not one that said, if you establish jurisdiction under USERA, the Aviation Transportation Security Act comes along and rescinds that jurisdiction. That was not the decision in Conyers. That is the fact situation that is before the Court, and the decision we're looking for, Your Honor, is related to the fact that Spain has established facts which show that she has jurisdiction under USERA. And so, the issue is, does the Aviation Transportation Security Act rescind a specific grant of jurisdiction under USERA? And we argue that it does not. Okay. Thank you, Mr. Clancy. We'll save your time for rebuttal. Thank you, Your Honor. Mr. Galgan. May it please the Court, this Court's decision in Conyers is dispositive of this case. The Conyers holding is straightforward. The TSA has broad discretion to take personal actions, notwithstanding the protections afforded by USERA, the Whistleblower Protection Act, or any other general conflicting statute. What about the argument that Mr. Clancy just made that the Court's decision in Conyers with respect to USERA was dicta, or didn't really necessarily reach the USERA question? Well, the Court's decision in Conyers has a very broad holding that applies to any, it states that it applies to any general conflicting statute. The Court found that the ATSA provision was very specific, applied to a specific class of federal employees, a specific class of TSA employees, and that this specific subsequent statute overrides conflicting language in generally, in more general statutes such as USERA. So, in fact, in Conyers, Mr. Conyers did attempt to assert a USERA claim under the same provision giving appeal rights that Ms. Spain has cited. Don't you think that, as a general matter, USERA is different than the other personnel statutes that we've cited here? I mean, the other side makes this argument, well, it's one of their arguments in their briefs, or almost as a public policy and therefore inferring that it was a legislative intent, that even though they might have wanted to give the government complete or virtually complete discretion over its day-to-day personnel matters, that USERA is different than those other personnel statutes, and therefore we should presume that Congress would not have included that in the notwithstanding provision. Well, Congress did give the Undersecretary of the TSA broad discretion, and in exercising that discretion, the Undersecretary could decide that some USERA or all USERA protections apply, but the Undersecretary has not exercised discretion to afford those protections. The protection we're talking about here is simply, under USERA, re-employing an individual who spent time away in the military on active duty, correct? Correct. Isn't that different than other kinds of detailed day-to-day personnel actions? I mean, couldn't one more easily see that Congress wanted to give this new agency discretion over the day-to-day operations, but not as readily see why Congress would have wanted to take away that other protection for employees, which is simply re-employment after active duty? Well, Congress provided no exception for USERA in using this broad provision, this broad notwithstanding clause. It could have written in an exception for USERA, but it did not. It did, however, give discretion to the TSA to afford whatever protections it wished to, but overall, the ATSA certainly shows a preference for giving flexibility to the Undersecretary over protecting the employees. It's a policy choice that Congress made. Let me ask you, if USERA applies under the circumstances, the facts in this case, how does it work? Let's assume USERA applied, and let's assume for the sake of argument that this person was removed legitimately for misconduct. So, it's me, and the employer finds that I stole all this money, so he's getting ready his proposed notice of removal, and in the meantime, I'm called up for duty. If USERA applies, then does that preclude the agency from taking any action against me until a year from now when I come back, so they have to wait a year, and then when they re-employ me, then they can fire me? Is that the difference as a practical matter between whether or not USERA applies or doesn't apply? If I understand the question correctly, it's whether it would apply under those circumstances? There's a cause exception in USERA, right? That's correct. It says if you're discharged for cause, you don't have any rights under USERA. Right, that is correct. And if it, I mean, I think she would still, if USERA applies, she'd still be entitled to a hearing before the board, adjudication before the board. The board would have heard the case, but whether she would have succeeded on the merits, that's a different question entirely. I think the statute that we're dealing with, as I recall, it didn't eliminate such things as veterans' preferences or other things that would be favorable to veterans, particularly now specifically, because this is what Spain is relying on. It was entirely the remedy. Was it not the appeal rights which were eliminated? The appeal rights, that's correct. Well, that's correct. You're correct on both counts. The ATSA actually has a provision providing a veterans' preference for applicants to the TSA. And you're also correct that there's no appeal rights given to screener employees unless the undersecretary at his or her discretion chose to provide some type of appeal rights or grievance system. So, but for the fact that it was already decided in Conyers and therefore is precedent, which now bars us unless the court undertakes to change its own precedent, perhaps it could have gone the other way with recognizing, as we've been discussing, that there has always been a different treatment for those who served in the military, whether it's reemployment rights or appeal rights or anything else. Priority. That the statute now that we're dealing with says, notwithstanding any other provision of law, maybe the provisions relating to veterans are not within that context of the package of employment law, which was viewed as a kinds of obstacles in the speedy and efficient and diligent establishment of these new vital systems for protecting the nation. Well, I think that's a policy argument that could be directed to Congress, that this is a different type of law. But Congress used such direct and clear language. In fact, courts have been looking at notwithstanding language such as this and said it's hard to imagine clearer language in stating notwithstanding any other provision of law. That is so broad that it does include USERRA, even though Congress has certainly stated in different situations that that's a policy that it favors, that it favors protecting veterans. But here it made a policy choice. And so that type of policy argument would have to be acted on by Congress itself. Now, the undersecretary does have discretion, as I mentioned. What is the standard for the exercise of that discretion under the statute? You mean on behalf of the undersecretary? The secretary of the undersecretary. You say the secretary of the undersecretary has authority under the statute to exempt certain laws from the operation of the notwithstanding clause. Did I understand that correctly? That's right. And what's the standard for doing that? The statute itself says that notwithstanding any provision of law, basically it sets out an entirely discretionary standard, which is not subject to review, other than the secretary being accountable to the president, who in turn is accountable to the American people. It's a discretionary. So there's no specific provision about exceptions? Exactly. That's true. Have exceptions been made? To that authority. The undersecretary has, for example, set up an administrator grievance system. But is there any ruling by the undersecretary saying that certain statutes will continue to apply despite this notwithstanding language? Yes. What statute? Title VII. The undersecretary set up an office of civil rights, and screener employees have the same EEO rights as other federal employees. Title VII or what else? In addition, the undersecretary entered into a memorandum of understanding with the Office of Special Counsel, and that allows for whistleblower claims to go to the Office of Special Counsel, and the OSC will investigate those claims and make recommendations back to the undersecretary. There are no appeal rights. So the recommendations, the undersecretary has final discretion whether to follow the special counsel's recommendations or not. So I suppose someone could ask for rulemaking to exempt USERRA from this language. Is that correct? I suppose they could make a request that the undersecretary issue a rule providing some type of USERRA protections. Under the EEO protection, the Title VII protections, does it provide for outside review? Do the district courts have jurisdiction, the EEOC? It does. The district courts do have jurisdiction. But other than those two areas and the internal grievance process, which is very limited, I'm not aware of any other exceptions that have been made to this in terms of employee protections or rights. I'm not aware of anything else. Okay. Any other questions? Thank you, Mr. Gallagher. Mr. Clancy. Your Honor, I don't believe I've made my arguments clear, so let me try and do that at this point. First of all, I'm not asking that this Court overrule Conyers. I'm simply saying that Conyers dealt with a separate issue, and that was whether or not Mr. Conyers established more jurisdiction. What we are arguing here is that Spain established more jurisdiction, and the issue is whether or not the Aviation Transportation Security Act rescinded that jurisdiction. Now, Judge Prost, you asked about what would happen if somebody committed some felony before they were called up to active duty. The facts in this case were as follows. Ms. Spain was called to active duty. At that time, there was no disciplinary action pending against her. Five weeks later, while she was on active duty, she received a letter informing her that she was discharged. Ten months later… Based on conduct that had occurred before she went out on active duty. Based on alleged conduct that had occurred, Your Honor. And so, she filed her appeal under Section 4312 and 4324B of USERRA, an independent source of board jurisdiction. So, we're not asking for Conyers to be overturned. We think Conyers deals with a separate issue. Secondly, counsel for the board has said that judicial decisions have consistently held that notwithstanding language, wipes out other statutory branch of jurisdiction.  The two cases that are cited in the board's brief are Cisneros versus Alpine Ridge Group. And in that case, the issue before the court was the construction of a contract, not construction of a statute. And it was only what the court said was that one section of the contract, language in that section, indicated the drafter's intent to overturn language in another section of the same contract. The other case was Liberty Maritime Court. That dealt with one statute, the Merchant Marine Act. In that case, the court said that language in one section of the act overrode language in the other section of the act. I have not been able to find any decision except the Bosco decision, which holds a position favorable to us, where any court has ruled that language, notwithstanding language, in a later statute overturns language, overturns a specific branch of jurisdiction in an earlier statute, where that later language is not supported by legislative history indicating congressional intent to do so. So what we are arguing is that the board has failed to show any judicial decisions or any legislative history that specifically says that Congress intended to override the specific branch of jurisdiction that it gave to uniformed service employees. And if you think about both statutes, Your Honors, they are not in conflict. They are both designed to protect the security of this country. You set up by encouraging civilians to participate in uniformed services and protecting the jobs that they leave, and obviously the Aviation Transportation Security Act for protecting aviation security. So I am not arguing, we are not arguing that the one statute cancels out the other statute. All we are saying is that there was a separate branch of jurisdiction under USERRA. Ms. Spain met the requirements for that separate branch, and the board has jurisdiction to hear her appeal. Any questions, Your Honor? Thank you, Mr. Clancy and Mr. Galbraith.